IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANADA GOOSE INC., <br><br> Plaintiff, <br><br> v. <br><br> CANADAGOOSEOUTLET.XYZ, et al., <br><br> Defendants. | Case No. 20-cv-02302 <br><br> **Judge Manish S. Shah** <br><br> **Magistrate Judge M. David Weisman** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Canada Goose Inc. ("Canada Goose" or "Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A to the Amended Complaint (collectively, the "Defaulting Defendants") based on Canada Goose's action for trademark infringement, counterfeiting, and false designation of origin.

**STATEMENT OF FACTS**

Founded in a small warehouse in Toronto, Canada, Canada Goose has grown to be an internationally recognized manufacturer, distributor and retailer of high quality, functional, down-filled outerwear, including parkas, jackets, and coats and associated accessories for men, women and children, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including CANADA GOOSE (collectively, the "Canada Goose Products"). Amended Complaint [13] at ¶ 4. Canada Goose holds registrations for its trademarks CANADA GOOSE and  with the United States Patent and Trademark

Office (collectively, the "CANADA GOOSE Trademarks"). *Id*. at ¶ 6. Additional factual assertions regarding Plaintiff in Paragraphs 4 – 11 of the Amended Complaint are incorporated herein. *Id*. at ¶¶ 4 – 11.

Defaulting Defendants are individuals and business entities of unknown makeup who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Schedule A to the Amended Complaint (collectively, the "Seller Aliases") *Id.* at ¶ 16. Each Defaulting Defendant targets sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars, and has offered for sale and/or sold unauthorized and unlicensed products using infringing and counterfeit versions of Canada Goose's federally registered CANADA GOOSE Trademarks (the "Counterfeit Canada Goose Products") to residents of Illinois. *Id*. Additional factual assertions regarding Defaulting Defendants in Paragraphs 12 – 26 of the Amended Complaint are incorporated herein. *Id*. at ¶¶ 12 – 26.

Canada Goose filed this action on April 14, 2020 [1] and soon thereafter filed an Amended Complaint [13]. On April 16, 2020, this Court granted Canada Goose's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [31], and subsequently converted the TRO [31] into a Preliminary Injunction [41]. Paragraph 9 of the TRO permitted Plaintiff to complete service of process to Defendants by electronic publication on a website to which the Domain Names which were transferred to Canada Goose's control redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 5 and 6 to the Declaration of Geoffrey Marr and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [31] at ¶ 9. The Defendants were properly served on May 18, 2020. [34].

None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Canada Goose now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all counts of Canada Goose's Amended Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Canada Goose further seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit CANADA GOOSE Trademarks on products sold through each of the e-commerce stores operating under the Seller Aliases. Canada Goose also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit Canada Goose Products, an Order that the Domain Names used by Defaulting Defendants to sell Counterfeit Canada Goose Products be permanently transferred to Canada Goose, and that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Inc. ("PayPal"), Alipay, Amazon and Wish.com, as well as any newly discovered assets, be transferred to Canada Goose.

## ARGUMENT

**I.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Canada Goose's business within this Judicial District. *See* [13] at ¶¶ 2, 16, 28 and 29; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing,

plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold Counterfeit Canada Goose Products to residents of Illinois. [13] at ¶¶ 2, 16. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. *Id.* at ¶ 2. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce store under the Seller Aliases through which Illinois residents can purchase Counterfeit Canada Goose Products. *Id*. *See Monster Energy Co. v. Chen Wensheng, et al.*, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

## II. CANADA GOOSE HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 14, 2020, Canada Goose filed its Amended Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), and false designation of origin, 15 U.S.C. § 1125(a) (Count II). [13]. The Defendants were properly served with the Amended Complaint on May 18, 2020. [34]. Despite having been served with process, none of

the Defaulting Defendants have filed an answer or otherwise pled in this action. Gaudio Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Canada Goose asks for entry of default against the Defaulting Defendants.

**III. CANADA GOOSE HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Canada Goose served Defendants on May 18, 2020. [34]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A).[1] Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Canada Goose requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit CANADA GOOSE Trademarks on products sold through the e-commerce stores operating under the Seller Aliases. Canada Goose also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit Canada Goose Products, an order that Domain

---

[1] Pursuant to this Court's Amended General Order 20-0012, the response deadline for Defendants was extended until July 6, 2020.

Names used by Defaulting Defendants to sell Counterfeit Canada Goose Products be permanently transferred to Canada Goose, and that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Amazon and Wish.com, and any newly identified accounts be transferred to Canada Goose.

### A. Trademark Infringement, Counterfeiting and False Designation of Origin

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001).

Canada Goose alleged in its Amended Complaint that it is the exclusive owner of the CANADA GOOSE Trademarks and that Defaulting Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using infringing and counterfeit versions of the CANADA GOOSE Trademarks, that Defaulting Defendants have knowledge of Canada Goose's rights in the CANADA GOOSE Trademarks, that Defaulting Defendants are not authorized to use the CANADA GOOSE Trademarks for any reason, and that Defaulting Defendants' use of the CANADA GOOSE Trademarks causes a likelihood of confusion. [13] at ¶¶ 25-26.

Canada Goose also alleged in its Amended Complaint that Defaulting Defendants are using the federally registered CANADA GOOSE Trademarks on the Counterfeit Canada Goose Products. [13] at ¶ 36. As such, this creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Canada Goose or

the origin, sponsorship, or approval of Defaulting Defendants' Counterfeit Canada Goose Products by Canada Goose. *Id.* at ¶ 35.

Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Canada Goose's Amended Complaint as true. See Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Canada Goose requests entry of judgment with respect to Counts I and II for willful trademark infringement and counterfeiting of the CANADA GOOSE Trademarks, and false designation of origin against the Defaulting Defendants.

## IV. CANADA GOOSE IS ENTITLED TO A STATUTORY DAMAGES AWARD

### A. Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *9, (N.D. Ill. 2004) (*citing* S. Rep. No. 177, 104th Cong. 1995). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, at *11 (N.D. Ill. Apr. 17, 2008).

7

### B. A Statutory Damages Award Is Warranted

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *10; *Luxottica USA LLC v. The Partnerships, et al.,* 2015 U.S. Dist. LEXIS 78961, at *5 (N.D. Ill. 2015); *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id*. In computing the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, at *16.

In addition, courts have awarded significant damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (significant damage awards in counterfeit cases were "due in part to the wide market

exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful Internet-based counterfeiting, courts have awarded statutory damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Burberry Limited, et al. v. XIE JI PING, et al,* No. 18-cv-07442 (N.D. Ill. Jan. 15, 2019) (unpublished) (Docket Nos. 42 and 43) (awarding $1,000,000 in statutory damages per defendant); *NBA Properties, Inc., et al. v. YU ZICHENG, et al.*, 19-cv-04412 (N.D. Ill. Oct. 8, 2019) (unpublished) (Docket Nos. 60 and 61) (awarding $500,000 in statutory damages per defendant); *H-D U.S.A., LLC v. DLLL, et al.,* No. 19-cv-07629 (N.D. Ill. Feb. 18, 2020) (unpublished) (Docket Nos. 64 and 65) (same). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), Plaintiff respectfully requests the Court's entry of an award of one hundred thousand dollars ($100,000) per Defaulting Defendant.

      i.      <u>Defaulting Defendants' Willful Counterfeiting Supports the Requested Award</u>

Defaulting Defendants' counterfeiting was willful and, therefore, at a minimum, warrants the requested statutory damages award. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). Knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. As alleged in

9

Plaintiff's Amended Complaint, Defaulting Defendants facilitated sales by designing the e-commerce stores so that they appeared to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. [13] at ¶ 23. As such, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights in the CANADA GOOSE Trademarks. [13] at ¶¶ 24-26; *see also* [19], [21]. Finally, District Courts have deemed counterfeiting willful when defendants default. *See Burberry Limited, et al. v. The Partnerships, et al,* No. 14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.,* No. 13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

    ii.    <u>The Value of the CANADA GOOSE Trademarks and Plaintiff's Efforts to Promote, Protect and Enhance the Canada Goose Brand Justify the Requested Award</u>

In determining an appropriate statutory damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the brand] and the efforts taken to protect, promote and enhance [that brand]." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *16. Canada Goose has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the CANADA GOOSE Trademarks. [18] at ¶ 15. Thus, the requested statutory damages award should be given favorable consideration in view of the value of the Canada Goose brand and the extensive steps being taken by Plaintiff to protect, promote and enhance it. *See Monster Energy Company*, 2015 U.S. Dist. LEXIS 86956, at *11; *Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *7-8 (N.D. Ill. June 18, 2015).

iii. <u>Defaulting Defendant's Wide Exposure over the Internet Merits the Requested Award</u>

Defendants who operate online attract wide market exposure through Internet traffic and/or advertisement. Defaulting Defendants' wide market exposure over the Internet warrants the requested statutory damages award. *See H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., et al.*, 2017 U.S. Dist. LEXIS 207613 (N.D. Ill. Dec. 18, 2017) (awarding $150,000 in statutory damages, noting "the fact that defendant's counterfeiting took place online favors a higher statutory damages award because online counterfeiting can reach a much wider audience than counterfeiting through a physical store."); *Luxottica USA LLC v. The Partnerships, et al.*, 2017 U.S. Dist. LEXIS 29999, at *11-12 (Mar. 2, 2017 N.D. Ill.) (summary judgment and awarding $100,000 in statutory damages "because [defendant] advertised [counterfeit goods] on the internet, allowing for distribution far greater than if it sold the hats in a brick-and-mortar store.").

iv. <u>The Requested Statutory Damages Award Must Sufficiently Deter Defaulting Defendants and Similar Online Counterfeit Sellers</u>

The remedy imposed must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood,* 34 F.3d at 1348. In *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers ... plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." 2005 U.S. Dist. LEXIS 40359, at *28 (E.D.N.Y. Aug. 26, 2005). *See also Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *8.

To reach global consumers, counterfeiters advertise, offer for sale, and sell their products via social media platforms and popular e-commerce sites. In the 2018 fiscal year alone, U.S. government seizures of counterfeit goods totaled more than $1.3 billion MSRP. [17-1]. China

11

and Hong Kong remained the primary sources of counterfeit and pirated goods seized, accounting for more than 87 percent of all seizures. *Id*. Additionally, a February 2017 report commissioned by Business Action to Stop Counterfeiting and Piracy (BASCAP) and the International Trademark Association (INTA) titled *The Economic Impacts of Counterfeiting and Piracy* included findings that counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue. [17-3]. As such, the requested statutory damages award is necessary to deter both Defendants and other similarly situated online sellers.

V. **CANADA GOOSE IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF**

In addition to the foregoing relief, Canada Goose respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Canada Goose's rights in the federally registered CANADA GOOSE Trademarks, including at least all injunctive relief previously awarded by this Court to Canada Goose in the TRO and Preliminary Injunction. Canada Goose is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores selling Counterfeit Canada Goose Products that are found to be linked to Defaulting Defendants. *See Burberry Limited, et al. v. The Partnerships, et al,* No. 1:14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.,* No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

**CONCLUSION**

Canada Goose respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred thousand dollars ($100,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c) and enter a permanent injunction order prohibiting Defaulting Defendants from selling Counterfeit Canada

Goose Products, permanently transferring the Domain Names used by Defaulting Defendants to sell Counterfeit Canada Goose Products to Canada Goose, and transferring all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Amazon and Wish.com, to Canada Goose.

Dated this 7th day of July 2020. Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Canada Goose Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Domain Names that have been transferred to Canada Goose's control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 5 and 6 to the Declaration of Geoffrey Marr and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Canada Goose Inc.*